# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Arsen Kakuriyev, individually and on behalf of all others similarly situated;<br><br>                                    Plaintiff,<br><br>     -v.-<br>ARStrat, LLC<br><br>                                    Defendant. | Case #: 1:17-cv-05154-ILG-LB |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff Arsen Kakuriyev ("Plaintiff"), by and through his attorneys, RC Law Group, PLLC, hereby requests, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court, Eastern District of New York, that Defendant ARStrat, LLC ("Defendant"), within thirty (30) days of the date of service hereof, answer in writing under oath the following interrogatories ("Interrogatories").

**DEFINITIONS**

1.     "Plaintiff" shall mean the plaintiff in this action, Arsen Kakuriyev, and all persons acting or purporting to act on Plaintiff's behalf.

2.     "Defendant" shall mean the defendant in this action ARStrat, LLC and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on Defendant's behalf.

3.     "You" and "your" shall mean Defendant and any of Defendant's officers, directors, employees, agents and representatives and all persons acting or purporting to act on Defendant's behalf.

4.     "Litigation" shall mean this litigation and action commenced by the Plaintiff.

5. "Complaint" shall mean the complaint filed in the Litigation by the Plaintiff, including any amendments thereto.

6. "Answer" shall mean the answer filed in the Litigation by the Defendant, including any amendments thereto.

7. "Debt" shall mean the debt account in the name of Plaintiff at issue in the Litigation.

8. "Communication", "communications", "communicated", "contact" and "contacted" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, in any form, between or among two or more persons, by written, oral, or any other means, including, but not limited to, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephonic conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.

9. "Document", "documents" and "documented" are used in the broadest permissible sense under the Federal Rules of Civil Procedure, the Local Rules, and the Federal Rules of Evidence, and shall include, without limitation, tangible things and all written, typewritten, handwritten, recorded (including audio or videotape or both), graphic, photographic (including negatives), facsimile transmissions, electronic or computerized materials in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access and every copy of such document which contains any commentary or notation not appearing in the original. "Document", "documents" and "documented" shall also mean to include any and all data compilations from which information can be obtained.

10. "Person" shall mean any natural person or any business, legal association, firm, partnership, organization, corporation, joint venture, proprietorship, quasi-public entity or any other legal or commercial entity.

11. "Entity" shall mean any company, corporation, business, partnership, union, joint venture, proprietorship, association, government agency, fictitious or trade name, organization or any other similar type of group through which business is conducted, or any director, officer, employee or agent thereof.

12. "Date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation.

13. "Identify" shall mean, with respect to a document, to set forth the following information:

    a. the nature of the document (i.e., letter, memorandum, report, etc.);

    b. the date the document bears or, if undated, the day it was written or created;

    c. the identification of all persons (other than routine clerical personnel) who participated in the preparation of the document;

    d. the identification of all addresses;

    e. the file number or other identifying mark or code of the document;

    f. the general subject matter; and

    g. the present location and custodian or, if unknown, the last known location and custodian of the document. In all cases where identification of the particular document is requested, in lieu of such identification, Defendant may supply a fully legible copy of the document in question. This permission, however, shall in no way

prejudice Defendant's right to require production and inspection of all records in your possession.

14.     "Identify" shall mean, with respect to an entity other than the individual person, to set forth the full name or title of the entity and, on the first occasion that such entity is identified, to state the address of its principal place of business and describe the principal business or activity of such entity.

15.     "Identify" shall mean, with respect to an individual person, to set forth that individual's full name, and on the first occasion that such individual is identified, the following information:

  a. Present or last known address and phone number;

  b. Present or last known business address and phone number;

  c. Present or last known employer;

  d. Present or last known job title;

  e. Present or last known job description; and

  f. Employer at the time of the event about which inquiry is made with a description of the nature of the job and the job title.

16.     "Identify" shall mean, with respect to meetings or oral communications, to set forth the following information:

  a. The nature of the meeting or communication, i.e., telephone, conference, luncheon meeting, etc;

  b. A summary of the substance of the meeting or communication;

  c. The date and time of the meeting or communication;

      d.      The place of origin of the meeting or communication and, if different (as in the case of telephone communications), the place at which the communications or substance thereof.

      e.      Identification of all participants or witnesses to the meeting or communication, and all persons with any knowledge of the meeting or communication or substance thereof.

17.    "Meeting" shall mean any coincidence of presence of person, whether by chance or prearranged, including but not limited to a formal or informal gathering, social or business occasion, or any other group situation of two or more persons.

18.    "Relate to" and "relating to" shall mean and be used in the broadest sense and include any information directly or indirectly alluding, concerning, connecting, constituting, containing, comprising, identifying, responding, summarizing, evidencing, discussing, mentioning, describing, reflecting, comparing, showing, setting forth, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

19.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20.    Singular forms of any noun or pronoun shall embrace and be read to include the plural as the context may make appropriate.

21.    Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## **INSTRUCTIONS**

1. Each interrogatory is to be answered separately, fully and specifically.

2. All information requested herein is to be set forth if it is in the possession or control of, or is available or accessible to Defendant or any of its agents, consultants, counsel, investigators, representatives or any other person or persons acting on Defendant's behalf.

3. If any information called for by an interrogatory is withheld on the basis of a claim of privilege set forth the nature of the claimed privilege and the nature of the information with respect to which it is claimed.

4. Whenever an interrogatory requests the identification of a document, the answer shall state the name, address, position, and organization of the author and each recipient of the document, the custodian of the document, the date of the document, and a brief description of the subject matter of the document.

5. Whenever an interrogatory requests the identity of a person, state his or her full name, present or last known address, telephone number, name of employers, and position of employment at the time in question.

6. Whenever an interrogatory requests the identity of an entity, state its name, address, telephone number, and the type of business in which the entity engages.

7. Whenever an interrogatory seeks a description of an act, transaction, occurrence, dealing or instance, state the date when it occurred, the place where it occurred, the identity of each person participating therein, the person on whose behalf each such person participated or purported to participate, the nature and substance of all communications occurring during, or in connection with the act, transaction, occurrence, dealing or instance, and identity all documents referring thereto or reflecting the act, transaction, occurrence, dealing or instance.

8. Whenever an interrogatory asks for a date, state the exact day, month and year, if ascertainable or, if not, the best approximation thereof.

9. If Defendant, after exercising due diligence to secure the information, cannot respond to any of the following interrogatories in full then respond to the extent possible and explain Defendant's inability to provide a complete answer.  State whatever information or knowledge Defendant has about the unanswered portion of any interrogatory.

10. Pursuant to Federal Rule of Civil Procedure 26(e), Defendant is requested to supplement and/or correct any responses later learned to be incomplete or incorrect immediately upon learning that a prior response was incomplete or incorrect.

# **INTERROGATORIES**

1. Identify any bond, insurance, surety or indemnity agreement that may provide coverage to Defendant for Plaintiff's claims asserted in the Litigation. For each, identify the entity, policy number, and dates of coverage.

2. Identify the present size of Defendant by providing the number of current employees as well as the number and location of offices.

3. Identify all of Defendant's officers and directors from 2014 to the present and for each set forth name, last known address, work and home telephone numbers, as well as positions, duties, and dates of service.

4. Identify any debt collection licenses issued to Defendant from 2014 to the present.

5. Identify all corporate document retention and destruction policies, practices and procedures from 2014 to the present.

6. Identify all current and past employees, agents, representatives, independent contractors, officers or directors of Defendant who had any contact with the Plaintiff with respect to the Debt. For each, identify the following:

    a. name, last known address, and work and home telephone numbers;

    b. positions, duties, and dates of service;

    c. training; and

    d. supervisor.

7. Identify all current and past employees, agents, independent contractors, officers or directors of Defendant who have knowledge relevant to Plaintiffs' claims in the Litigation. For each, identify the following:

    a. name, last known address, and work and home telephone numbers;

    b. positions, duties, and dates of service;

    c. training; and

    d. supervisor.

  8. Identify all documents regarding Defendant's compliance or noncompliance with the Fair Debt Collection Practices Act or any other state collection laws with respect to the Debt.

  9. Identify Defendant's relationship to North Shore-Lij Medical Group.

  10. Identify all documents used by Defendant in the collection of the outstanding balance due: $879.00, as stated on Defendant's Collection Letter dated February 1, 2017.

  11. Identify all documents received from, and sent to, Plaintiff from Defendant related to its collection of the outstanding balance due: $879.00, as stated on Defendant's Collection Letter dated February 1, 2017.

  12. Identify each employee, agent, independent contractor, officer, director, shareholder or other person whose duties include developing and enforcing policies, practices and procedures for compliance with state and federal debt collection laws from 2014 to the present.

  13. If you contend in the Litigation that you treated Plaintiff in accordance with your standard practices, policies and procedures, identify with specificity all of your practices, policies and procedure applicable to the Plaintiff and set forth how you complied with same.

  14. If you contend in the Litigation that you treated Plaintiff in accordance with your standard practices, policies and procedures, identify with specificity all of your practices, policies and procedure applicable to the debt and set forth how you complied with same.

  15. If you contend in the Litigation that you treated Plaintiff in accordance the Fair Debt Collection Practices Act and set forth with specificity how you complied with same.

16. For the period beginning January 1, 2014 to the present, describe the procedure(s) you maintained to collect consumer debts, detailing step by step the process you used from first contact to final conclusion, and state whether, during the referenced period of time, these procedures have been changed, and if so, state the date on which the change occurred, describe the nature of the change and the reason for the change.

17. For the period beginning August 31, 2016 to August 31, 2017, identify all persons residing in the State of New York, to whom Defendant sent a collection letter.

18. Identify all persons whom you claim have any information or knowledge about the allegations in Plaintiff's complaint, and with respect to each, state what information or knowledge each such person has.

19. Identify all persons whom you have interviewed about the allegations asserted in the Plaintiff's Complaint and with respect to each, state what information each person provided.

20. Identify all witnesses Defendant proposes to call at trial, hearing or motion in connection with the Litigation. For each, identify the following:

    a. name, address and telephone number;

    b. summary of testimony; and

21. Identify each person whom Defendant expects to call as an expert witness at trial, hearing or motion in connection with the Litigation. For each, identify the following:

    a. name, address and telephone number;

    b. the subject matter on which the expert is expected to testify;

    c. the qualifications within the field in which the expert is expected to testify;

    d. the substance of the facts and opinions to which the expert is expected to testify;

    e.  a summary of the grounds for each opinion;

    f.  the documents and information examined and considered by the expert in reaching or formulating his/her opinion; and

    g.  all compensation paid or promised for the expert's testimony.

  22.  Describe the facts upon which you rely for any of the affirmative defense asserted by the Defendant in the Litigation.

  23.  If Defendant's response to Plaintiff's Request for Admissions served simultaneously herewith is anything other than an unqualified admission, identify the specific facts forming the basis for each such denial and identify each witness and document upon which Defendant will rely to support each such denial.

  24.  Identify each credit reporting agency to which you reported the Debt, when and how many times you reported the Debt, when and how many times you communicated with the credit reporting agency regarding Debt, what specific information you provided to each credit reporting agency regarding the Debt, identify any documents you received from, or sent to, the credit reporting agency, specifically, but not limited to, any information related to account disputes, or requests for verification of the debt.

                 **RC LAW GROUP, PLLC**
                 Attorneys for plaintiff

Dated: December 28, 2017    By: */s/ Daniel Kohn*
                 Daniel Kohn

                 285 Passaic Street
                 Hackensack, New Jersey 07601
                 Telephone: (201) 282-6500
                 Facsimile: (201) 282-6501
                 Email: dkohn@rclawgroup.com

# **CERTIFICATE OF SERVICE**

Daniel Kohn, Esq., declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney with the firm of RC Law Group, PLLC, attorneys for Plaintiff Arsen Kakuriyev.

2. On December 28, 2017, I caused a true copy of the within Plaintiff's First Set of Interrogatories to Defendant to be served upon Defendant's counsel via Certified Mail and E-mail to:

>Mr. Thomas Slattery
>**Salvo Law Firm PC**
>185 Fairfield Avenue
>Suite 3C/3D
>West Caldwell, NJ 07006
>
>Email: tslattery@salvolawfirm.com

2. I declare under penalty of perjury that the foregoing statements are true and correct.

>**RC LAW GROUP, PLLC**
>Attorneys for plaintiff

Dated: December 28, 2017            By: */s/ Daniel Kohn*
                                    Daniel Kohn

                                    285 Passaic Street
                                    Hackensack, New Jersey 07601
                                    Telephone: (201) 282-6500
                                    Facsimile: (201) 282-6501
                                    Email: dkohn@rclawgroup.com